**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| CHRISTY and GREG ANDREWS and TANYA and GARY CONLAY, on behalf of themselves and on behalf of all others similarly situated, ) | No. 2:14-mn-00001-DCN<br>No. 2:14-cv-00539-DCN |
| Plaintiffs, ) | |
| vs. ) | |
| PELLA CORPORATION, ) | **ORDER** |
| Defendant. ) | |

This matter comes before the court on plaintiffs Christy and Greg Andrews' ("the Andrews") motion to dismiss without prejudice and defendant Pella Corporation's ("Pella") motion to dismiss with prejudice. For the reasons set forth below, the court grants the Andrews' motion, denies Pella's motion, and dismisses the Andrews' claims without prejudice.

## I.  BACKGROUND

Plaintiffs the Andrews and Tanya and Gary Conlay ("the Conlays") (hereafter "plaintiffs") filed the present action in the Eastern District of Louisiana on February 24, 2014 asserting diversity jurisdiction. On May 22, 2013, plaintiffs filed an amended complaint, alleging the following eleven causes of action: (1) strict liability, (2) negligence, (3) breach of express warranty, (4) breach of implied warranties, (5) negligent misrepresentation, (6) fraud,[1] (7) breach of express warranty, (8) design defect, (9) construction or composite defect, (10) redhibition,[2] and (11) declaratory

---

[1] "National Class causes of action," Pl.'s Compl. ¶¶ 58-118.
[2] "Louisiana Sub-Class causes of action," ¶¶ 119-156.

relief.[3]  Prior to transfer to this court, plaintiffs voluntarily dismissed their national class claims for strict liability, negligence, express warranty, implied warranty, negligent misrepresentation, and fraud pursuant to Rule 41(a)(1)(A).  ECF No. 30.  The Eastern District of Louisiana subsequently dismissed plaintiffs' state law claim for breach of express warranty.  ECF No. 37.  Thus, plaintiffs' only remaining claims are Louisiana state law claims for design defect and construction defect under the Louisiana Products Liability Act, redhibition, and declaratory relief.  The United States Judicial Panel on Multidistrict Litigation transferred the plaintiffs' cases to this court on February 27, 2014.

Pella requested to inspect the Andrews' home on numerous occasions; however, neither Pella nor plaintiffs' counsel could reach the Andrews.  Pl.'s Resp. 1.  After a number of unsuccessful attempts to contact the Andrews, Pella discovered through a Google search that the Andrews had moved and informed plaintiffs' counsel of its discovery.  Id.  "[Plaintiffs'] counsel has [had] no recent contact with the Andrews" and does not know the Andrews' current address.  Id. at 1–2.

The Andrews filed the present motion to dismiss without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) on October 15, 2014 because the Andrews "sold their home and moved."  Pl.'s Mot. 1.  In filing their motion, the Andrews did not waive their right to bring future claims and asked the court to dismiss the action without prejudice.  In response, Pella filed a cross-motion to dismiss with prejudice under Federal Rule of Civil Procedure 41(b) on October 17, 2014.

## II.  STANDARD

Federal Rule of Civil Procedure 41(a)(2) states that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on

---

[3] For both the National Class and Louisiana Sub-Class.

terms that the court considers proper."  "Unless the order states otherwise, a dismissal under [Rule 41(a)(2)] is without prejudice."  Id.  District courts have the discretion to grant or deny a motion for voluntary dismissal under Rule 41(a)(2) and "its order will ordinarily not be reversed except for an abuse of discretion."  Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987) (citing McCants v. Ford Motor Co., 781 F.2d 855, 857 (11th Cir. 1986); Kenrose Mfg. Co. v. Fred Whitaker Co., 512 F.2d 890, 895 (4th Cir. 1972)).  The Fourth Circuit states:

> The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced.  To fulfill this purpose, Rule 41(a)(2) requires a court order as a prerequisite to dismissal and permits the district court to impose conditions on voluntary dismissal to obviate any prejudice to the defendants which may otherwise result from dismissal without prejudice.  In considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interests of the defendant.

Davis, 819 F.2d at 1273 (emphasis added) (citing McCants, 781 F.2d at 856; Alamance Indus. Inc. v. Filene's, 291 F.2d 142, 146 (1st Cir. 1961)).  Although the court must strongly consider prejudice to the defendant, "prejudice to the defendant does not result from the prospect of a second lawsuit," nor will "the possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation . . . serve to bar a second suit." Id. at 1274–75 (internal citations omitted).  Thus, a plaintiff's motion for voluntary dismissal without prejudice generally should not be denied absent plain legal prejudice to the defendant.  Gross v. Spies, 133 F.3d 914, at *5 (4th Cir. 1998) (unpublished table decision).  In ruling on motions for voluntary dismissal, the court should consider the following factors:  (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for dismissal; and (4) the present stage of the litigation.  Id.  "These factors

are not exclusive, however, and any other relevant factors should be considered by the district court depending on the circumstances of the case." Id.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss an action due to the plaintiff's failure to prosecute or to comply with the Federal Rules.[4] Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629–30 (1962) (finding that a court may, sua sponte, dismiss a case pursuant to Rule 41(b)), reh'g denied, 371 U.S. 873 (1962). "A dismissal with prejudice is a harsh sanction which should not be invoked lightly in the view of 'the sound public policy of deciding cases on the merits.'" Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978) (citing Reizakis v. Loy, 490 F.2d 1132, 1135 (4th Cir. 1974)). The court must balance the policy of deciding cases on the merits with considerations of judicial administration, applying four criteria: "(1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a 'drawn out history of deliberately proceeding in a dilatory fashion;' and (4) the effectiveness of sanctions less drastic than dismissal." Id. (citing McCargo v. Hedrick, 545 F.2d 393, 396 (4th Cir. 1976)).

### III.  DISCUSSION

The Andrews move to voluntarily dismiss their claims without prejudice because they sold their home. Pella filed a cross motion to dismiss arguing that the court should dismiss the Andrews' claims with prejudice for three reasons. First, Pella argues that because the Andrews previously filed a notice of dismissal under Rule 41(a)(1)(B), the dismissal is considered an adjudication on the merits and a subsequent dismissal must be

---

[4] The standard for dismissal with prejudice under Rule 41(a)(2) is the same as the standard for dismissal with prejudice under 41(b).

4

with prejudice. Def.'s Mot. 6. Secondly, Pella argues that the court should exercise its discretion to dismiss the action with prejudice under Rule 41(a)(2). Id. Lastly, Pella argues that the court should grant its motion to dismiss on the merits under Rule 41(b) because it will suffer prejudice if the Andrews are permitted to resurrect their claims at a later date. Id. In response, plaintiffs' counsel argues that Pella will not suffer substantial prejudice. Pl.'s Resp. 1. Plaintiffs' counsel further argues that dismissal with prejudice is a harsh remedy that should not be granted solely because the Andrews moved without notifying their attorney. Id. at 2.

Plaintiffs' previously filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A) that applied only to their national class action claims and not the remaining state law claims for redhibition, design defect, construction defect, and declaratory relief. Therefore, the Andrews' voluntary dismissal did not operate as an adjudication on the merits of the claims presently before the court under Rule 41(a)(1)(B) because the Andrews did not previously dismiss the action "based on or including the same claim[s]" in the present motion. Fed. R. Civ. P. 41(a)(1)(B).[5]

Further, dismissal with prejudice is a harsh sanction and Pella has not suffered unfair prejudice defending the Andrews' claim to warrant such a harsh sanction. Pella's defense of the present action does not rely solely on the Andrews' claims because the Conlays are also named plaintiffs. Although Pella made numerous attempts to schedule an inspection of the Andrews' home, Pella did not incur the additional expense of inspection. There is no indication that the Andrews acted in a dilatory fashion for which

---

[5] Although Pella argues in its motion that plaintiffs voluntarily dismissed their claims under Rule 41(a)(1)(B), the notice clearly states that plaintiffs' partial dismissal was made pursuant to Rule 41(a)(1)(A). ECF No. 30.

they must take personal responsibility.  To the contrary, the Andrews simply sold their home without notifying plaintiffs' counsel.

## IV.   CONCLUSION

For the aforementioned reasons, the court **GRANTS** plaintiffs' motion to dismiss without prejudice, **DENIES** defendant's cross motion to dismiss with prejudice, and **DISMISSES** the Andrews' claims without prejudice.

**AND IT IS SO ORDERED**.


**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**January 13, 2015**
**Charleston, South Carolina**