IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| CHRISTY and GREG ANDREWS and TANYA and GARY CONLAY, on behalf of themselves and on behalf of all others similarly situated, | )<br>)<br>)<br>) | |
| | ) | No. 2:14-mn-00001-DCN |
| | ) | No. 2:14-cv-00539-DCN |
| Plaintiffs, | )<br>) | |
| vs. | )<br>) | |
| PELLA CORPORATION, | ) | **ORDER** |
| | ) | |
| Defendant. | )<br>) | |

This matter is before the court on defendant's motion to dismiss class action claims, ECF No. 81, and plaintiffs' motion for leave to file a second amended complaint, ECF No. 82. For the reasons set forth below, the court grants defendant's motion to dismiss class action claims and grants plaintiffs' motion for leave to file a second amended complaint.

## I.  BACKGROUND

Plaintiffs Tanya and Gary Conlay ("the Conlays") (hereafter "plaintiffs") filed the present action in the Eastern District of Louisiana on February 24, 2013 asserting diversity jurisdiction.[1] On May 22, 2013, plaintiffs filed an amended complaint, alleging the following eleven causes of action:  (1) strict liability, (2) negligence, (3) breach of express warranty, (4) breach of implied warranties, (5) negligent misrepresentation, (6) fraud,[2] (7) breach of express warranty, (8) design defect, (9) construction or composite

---

[1] Christy and Greg Andrews were originally named plaintiffs in this action. However, the court granted the Andrews' voluntary motion to dismiss without prejudice on January 13, 2015. Therefore, the Conlays are the only remaining plaintiffs in this action.
[2] "National Class causes of action," Pl.'s Compl. ¶¶ 58-118.

1

defect, (10) redhibition,[3] and (11) declaratory relief.[4]  Prior to transfer to this court, plaintiffs voluntarily dismissed their national class claims for strict liability, negligence, express warranty, implied warranty, negligent misrepresentation, and fraud pursuant to Rule 41(a)(1)(A).  ECF No. 30.  The Eastern District of Louisiana subsequently dismissed plaintiffs' state law claim for breach of express warranty.  ECF No. 37.  Thus, plaintiffs' only remaining claims are Louisiana state law claims for design defect and construction defect under the Louisiana Products Liability Act, redhibition, and declaratory relief.  The United States Judicial Panel on Multidistrict Litigation transferred the plaintiffs' case to this court on February 27, 2014.

The court was set to hear oral arguments on Pella's motion to strike class claims in this matter on November 20, 2014.  On November 18, 2014, plaintiffs' counsel sent Pella an email stating "[p]laintiffs will dismiss the class claims in the *Andrews/Conlay* Complaint and allow Mr. Conlay to proceed individually; and proceed with the *Palacios* matter for class claims in Louisiana."  Def.'s Mot. Ex. A.  Thus, the court did not hear oral arguments on Pella's motion to strike.  Pella then sent plaintiffs' counsel a draft proposed consent motion to dismiss class action claims.  In response, plaintiffs' counsel sent Pella an email on December 2, 2014 stating that by agreeing to dismiss the class action claims in Conlay, plaintiff "did not understand from that that you expected us to dismiss the class action claims in the Andrew/Conlays case with prejudice to the Conlays asserting class action claims as named plaintiffs in Palacios or a consolidated amended complaint which (if leave to file is granted) may assert a Louisiana class."  Def.'s Mot. Ex. A.

---

[3] "Louisiana Sub-Class causes of action," id. ¶¶ 119-156.
[4] For both the National Class and Louisiana Sub-Class.

On December 16, 2014, Pella filed a motion to dismiss the class action claims, attaching a proposed consent motion to dismiss and the email correspondence outlined above. On December 17, 2014, the Conlays filed a motion for leave to file a second amended complaint. The Conlays responded to Pella's motion to dismiss on January 5, 2014, stating that they did not understand the stipulation of dismissal to "dismiss class action claims with prejudice to the Conlays asserting class claims as named plaintiffs in the *Palacios* matter or in a consolidated amended complaint." Pl.'s Resp. 3. Pella responded to the Conlay's motion for leave to file a second amended complaint on January 5, 2014. Pella largely did not object to the Conlay's motion; however, Pella did object to the Conlay's claim for breach of express warranty in the amended complaint because the Conlay's breach of express warranty claim was dismissed in the Eastern District of Louisiana prior to transfer to this court. ECF No. 37. The court heard oral arguments on Pella's motion to dismiss and the Conlay's motion for leave to file a second amended complaint on January 7, 2015.

## II.   DISCUSSION

It was the court's understanding that plaintiffs intended to dismiss their class action claims and move forward with their individual claims in the Conlay matter. However, plaintiffs now want to bring their class claims as named plaintiffs in Palacios et al. v. Pella Corp., 2:14-cv-03637-DCN, and agree to "voluntarily dismiss their individual action against [Pella]" if the court consolidates the plaintiffs' class claims with Palacios. Pls.' Mot. to Consol. 1 n.1.

Plaintiffs concede that they did agree to dismiss the class claims in Conlay; however, they argue that plaintiffs did not intend the stipulated dismissal to be with

3

prejudice.  In support of their argument, plaintiffs cite the language of the email correspondence with Pella that does not include any representation that the claims would be dismissed with prejudice.  Pls.' Reply 2 ("Unless the notice or stipulation states otherwise, the dismissal is without prejudice.") (quoting Fed. R. Civ. Pro. 41(a)(1)(B)).  Plaintiffs further cite the transcript from the November 20, 2014 hearing in New Orleans, Louisiana during which neither party addressed whether the class claims in Conlay would be dismissed with or without prejudice.

Despite the plaintiffs' claims, it is undeniable that both parties and the court understood that the intent of plaintiffs' email, sent the day before the hearing, was to dismiss the class claims in Conlay entirely and not to consolidate those claims with Palacios.  Essentially, plaintiffs avoided arguing the motion to strike by agreeing to dismiss their class action claims, but now want to assert those same class action claims in the Palacios matter, with the Conlays as named plaintiffs.  If Pella had any indication that plaintiffs intended to pursue the class claims in another matter, Pella would surely not have relinquished its opportunity to argue its motion to strike class claims, a motion that has been pending in various venues for over a year.  Therefore, in accordance with the original agreement between the parties, the court grants Pella's motion to dismiss plaintiffs' class claims.

The court grants plaintiff's motion for leave to file a second amended complaint, provided plaintiffs do not include class claims or a claim for breach of express warranty in their second amended complaint.   Judge Berrigan in the Eastern District of Louisiana dismissed plaintiffs' breach of express warranty claim in October 2013, prior to the

transfer of the case to this district. Therefore, plaintiffs must omit the breach of express warranty claim from their amended complaint.

### III.   CONCLUSION

For the reasons set forth above, the court **GRANTS** defendant's motion to dismiss plaintiffs' class claims **WITH PREJUDICE** and **GRANTS** plaintiffs' motion for leave to file a second amended complaint. Plaintiffs are permitted to proceed with their individual claims.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**October 27, 2015**
**Charleston, South Carolina**